# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00782-CV

## In re Asplundh Tree Expert Co.

## ORIGINAL PROCEEDING FROM BASTROP COUNTY

## C O N C U R R I N G   O P I N I O N

The Court has conditionally granted mandamus relief to Relator Asplundh Tree Expert Co., concluding that Asplundh is entitled to protection from the depositions of two of its corporate officers, George Graham and Dennis Stapola, under the rules applicable to apex depositions. Graham, the President of Asplundh, is unquestionably entitled to apex protection based on the record before us and the supreme court's decision in *In re Alcatel USA, Inc.*, 11 S.W.3d 173 (Tex. 2000).

The deposition of Stapola, however, is a closer question. At the outset of the apex-deposition analysis, a court normally must first determine whether the apex-deposition rules apply at all to the executive or officer in question. *See In re Taylor*, 401 S.W.3d 69, 72 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). Here, Stapola is the "Vice President, Director of Risk Management" for Asplundh. Based on the record before us, it is unclear whether Stapola is at the level within the Asplundh corporate hierarchy necessary to qualify for apex protection. *See Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 128 (Tex. 1995) (noting that apex doctrine applies to deposition of "corporate president or other high level corporate

official"). The record contains no evidence of where Stapola fits within Asplundh's corporate hierarchy other than his title, much less whether he can properly be considered a "high level corporate official" under *Crown Central* and its progeny.

The Court in this case, however, did not need to decide this issue because no party raised it in the trial court or in this Court. *See* Tex. R. Civ. P. 33.1(a) (preservation of appellate complaints). And, it is apparent from the trial court record that the trial court assumed that the apex-deposition rules were applicable. The majority, therefore, correctly assumed that the depositions sought qualified as apex depositions, without actually deciding that issue or mentioning it. *See In re Alcatel*, 11 S.W.3d at 175 (noting parties' agreement that depositions sought were apex depositions and assuming that fact). Having assumed that the deposition of Stapola was, in fact, an apex deposition, the Court concluded that Asplundh was entitled to apex protection from his deposition. I write separately only to note the Court's implied assumption. Based on that assumption, I concur in the Court's judgment.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin and Field

Filed: February 5, 2014

2